UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CURTIS BRUNKHORST,                    )
                                       )
                    Plaintiff,         )
v.                                     )          No.: 17-1426-MMM
                                       )
JOHN BALDWIN et al.,                   )
                                       )
                    Defendant.         )

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, pursues a § 1983 claim for deliberate indifference to his

serious medical needs at the Pontiac Correctional Center ("Pontiac").  The case is before the

Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court

accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v.*

*Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are

insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its

face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal

quotation marks omitted).  While the pleading standard does not require "detailed factual

allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,*

556 U.S. 662, 678 (2009).

On September 26, 2015, Plaintiff injured his left foot and ankle on the Pontiac

recreational yard.  He was taken to the healthcare unit where Nurse Jack did not examine him,

but, instead, called Defendant Dr. Tilden.  Dr. Tilden allegedly scheduled Plaintiff to be seen and

to undergo x-rays on September 29, 2015.  Plaintiff never received this appointment and

complained of extreme pain to Officer Ferris, without intervention by Ferris.  Plaintiff admittedly

received pain medication from a nurse the evening of September 29, 2015 but was not seen until October 1, 2015.  In the meantime, Plaintiff experienced extreme pain and was forced to hobble up and down stairs without the benefit of crutches.  On October 1, 2015, Plaintiff underwent x-rays and was seen by Dr. Tilden who told him that his left "ankle//foot" was broken.  Plaintiff complains that Defendant Tilden did not apply a cast to stabilize the fracture.

Plaintiff continued to experience fear pain and numbness in the left ankle/foot.  He relayed these complaints to Medical Technician Tinsley, Officer Kennel and Warden Pfister.  Plaintiff was told that Defendant Tilden had ordered that he undergo a second set of x-rays, but they were not scheduled.  On October 30, 2015, Plaintiff was seen in the healthcare unit by Mr. Caruso who apparently could not help him without updated x-rays.

On November 3, 2015, Plaintiff was seen by Physician's Assistant Ojelade, who ordered the use of analgesic balm and recommended that Plaintiff put as much weight as possible on the ankle/foot.  Despite multiple requests, Plaintiff received no follow-up care.  He apparently submitted grievances which were denied by the Administrative Review Board ("ARB").  On October 16, 2016, Plaintiff was transferred to the Big Muddy River Correctional Center.

Plaintiff asserts a colorable claim that Defendant Tilden was deliberately indifferent in failing to examine Plaintiff, waiting five days to order x-rays, failing to treat the ankle/foot pain, and failing to order crutches to aid Plaintiff in walking.  As Plaintiff alleges that he told Medical Technician Tinsley and Officers Ferris and Kennel of his pain and they apparently did not respond, they will be added as Defendants on the claimed deliberate indifference.

Plaintiff asserts that T. Scott Keen and other unidentified members of the ARB were deliberately indifferent for denying his grievances, and that IDOC Director John Baldwin and former Director Godinez were deliberately indifferent for signing off the ARB denials.  Plaintiff

also claims that Warden Randy Pfister is liable for denying that his two emergency grievances represented emergencies. Prison administrators who review grievances or the administrative decisions of others, however, do not become liable under § 1983. *See George v. Smith,* 507 F.3d 605, 609–10 (7th Cir.2007) ("[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."); *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006). Section 1983 liability is premised on personal participation in the alleged injury and "the alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). The claims against Defendants T. Scott Keen, the Doe ARB members, IDOC Director John Baldwin, former Director Godinez and Warden Randy Pfister are DISMISSED, with prejudice, as Plaintiff does not have a cognizable claim against them.

Plaintiff asserts a claim against Wexford Health Sources, Inc., alleging that it was responsible for the actions of the medical personnel under its authority. It is clearly established, however, that there is no *respondeat superior* liability under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A private corporation such as Wexford may have liability for constitutional injury only if the injury is caused by it policy or practice. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978); *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.) Plaintiff makes no allegations as to an unconstitutional policy or practice of Wexford and it is DISMISSED.

This case shall proceed against Defendant Tilden, Medical Technician Tinsley and Officers Ferris and Kennell who are to be added as Defendants. Defendants Baldwin, Godinez,

Pfister and the ARB members are DISMISSED. Defendant Wexford is DISMISSED though Plaintiff will be given an opportunity to replead as to this Defendant. Plaintiff named additional John/Jane Doe Defendants but did not identify as specific actions by them. The Court has *sua sponte* added Defendants Tinsley, Ferris and Kennell and DISMISSES the John/Jane Does though Plaintiff will be given an opportunity to replead as to these individuals, should he wish.

**IT IS THEREFORE ORDERED:**

1.      This case shall proceed solely on the deliberate indifference claims against Defendants Tilden, Tinsley, Ferris and Kennell, identified herein. Medical technician Tinsley and Officers Ferris and Kennell are to be added as Defendants. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Baldwin, Godinez, Pfister and the Doe ARB members are DISMISSED with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Defendant Wexford and the remaining John/Jane Doe Defendants are DISMISSED though Plaintiff will be given an opportunity to replead as to them, should he wish.

2.      Plaintiff shall have 30 days from the entry of this order in which to file an amended complaint. Plaintiff's amended complaint will replace the original complaint and must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

3.      Plaintiff files [3], a motion for recruitment of *pro bono* counsel. He attaches several declination letters received from counsel to support that he attempted to secure representation on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). These letters, however, predate the filing of the complaint by more than a year. [3] is DENIED at this time. If

Plaintiff renews his motion, he is to provide documentation of recent attempts to secure representation.

4.       The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5.       If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.       Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7.       Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9.      Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

 1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

_2/8/2018_                                         s/Michael M. Mihm
ENTERED                                     MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE