UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CURTIS BRUNKHORST,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )     No.: 17-1426-MMM |
| | ) |
| **JOHN BALDWIN et al.,** | ) |
| | ) |
| **Defendant.** | ) |

### MERIT REVIEW - AMENDED COMPLAINT

    Plaintiff, proceeding pro se, files an amended complaint alleging deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    On September 26, 2015, Plaintiff injured his left foot and ankle on the Pontiac recreational yard. He was taken to the healthcare unit where Nurse Jack did not examine him, but told him he was scheduled for x-rays and to be seen by the physician on September 29, 2015. When Plaintiff was not seen that day, he questioned Defendant Farris, telling her that he was in

1

extreme pain. Defendant Farris did not respond. Plaintiff did not receive any pain medication until 8:00 p.m., and only through the intervention of another officer.

Five days later, October 1, 2015, Plaintiff was seen by Defendant Dr. Tilden. Defendant Tilden ordered x-rays and reviewed the findings, but allegedly did not examine Plaintiff's foot/ankle. Plaintiff does not reveal the x-ray findings and does not specify any other care provided by Defendant Tilden. He complains, however, that he was not provided crutches and was forced to hobble about, in pain. Plaintiff reported "extreme pain" to Defendant Medical Technician Tinsley on several occasions, without result. On October 15, 2015, Plaintiff wrote a letter to Warden Pfister.

On October 29, 2015, Plaintiff told Defendant Kennell that Dr. Tilden had ordered follow-up x-rays and requested to go to the healthcare unit. Defendant Kennell told Plaintiff he could not go without a pass which Plaintiff apparently did not have. Plaintiff, however, referred Defendant to Dr. Tilden's outpatient notes which generally ordered "x-rays in two weeks." Defendant Kennell called the healthcare unit and was told no x-rays were ordered. He subsequently refused to allow Plaintiff go to the healthcare unit. The following day, October 30, 2015, Plaintiff was seen in the healthcare unit by Mr. Caruso, not a party. Mr. Caruso told him there was nothing to be done without updated x-rays.

On November 16, 2016, Plaintiff was transferred to the Big Muddy River Correctional Center ("Big Muddy"). He makes the unrelated claim that he has also not received adequate treatment at Big Muddy and continues to have pain and loss of range of motion in the foot/ankle. Here, Plaintiff asserts a colorable deliberate indifference claim against Defendants Tilden, Farris and Tinsley.

2

Plaintiff's only claim as to Defendant Kennel is that Defendant would not let him go to the healthcare unit without a pass. Plaintiff, however, was not requesting treatment in the healthcare unit, he claimed that he was to go there for x-rays. When Defendant Kennell investigated, he was told that no x-rays had been ordered. Defendant cannot be deliberately indifferent for failing to allow Plaintiff to report for a test which had not been scheduled. This, particularly as there is no assertion that Defendant Kennell had the authority to order x-rays or otherwise intervene.

Plaintiff also asserts a claim against Wexford Health Sources, Inc., alleging that it has a long standing policy or practice of denying medical treatment to inmates. In support, Plaintiff alleges that Wexford has not refilled his asthma inhaler. This claim, however, is not related to the foot/ankle injury at issue here, and fails to support that an unconstitutional Wexford policy harmed Plaintiff in relation to the foot/ankle. If Plaintiff wishes to assert a claim against Wexford for failing to provide an asthma inhaler, he must file it is a separate action with responsibility for the additional filing fee. This is so, because a plaintiff may join several defendants in one suit only if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013).

Plaintiff's claim that Warden Pfister is liable merely because Plaintiff sent him a letter of complaint, is DISMISSED. Section 1983 liability is premised on personal participation in the alleged injury and "the alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). Plaintiff again names John/Jane Doe Defendants without asserting any

specific conduct by Doe Defendants or pleading anything which would aid in identifying them. The Doe Defendants are DISMISSED.

This case shall proceed against Defendants Tilden, Tinsley and Farris. Defendants Pfister, Kennell, Wexford, and John/Jane Doe are DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claims against Defendants Tilden, Tinsley and Farris, identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Pfister, Kennell, Wexford, and John/Jane Doe are DISMISSED.

2. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

_7/24/2018_                           s/Michael M. Mihm  
ENTERED                             MICHAEL M. MIHM  
                                        UNITED STATES DISTRICT JUDGE